UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE - DISTRICT OF ALASKA

# MEMORANDUM

**DATE:** February 6, 2007

**REPLY TO ATTN OF:** Eric D. Odegard
Supervising U.S. Probation/Pretrial Services Officer

**SUBJECT:** **William Ken Martin, 4:06-cr-00044-TWH**
**Jeffrey T. Covington, 4:06-cr-00027-TWH**

**TO:** Honorable Terrance W. Hall
U.S. Magistrate Judge

**CC:**

Recently your Honor sentenced the captioned defendants to probationary sentences with short terms of placement in the Residential Reentry Center (RRC) (i.e. halfway house) as a condition of probation. The probation officer referred both defendants for placement at the North Star Center; however, the Federal Bureau of Prisons (BOP) has informed the probation office that they will no longer place offenders in the halfway house as a condition of probation. The various reasons they have provided are that such placements must be rehabilitative rather than punitive, they have a 30-day minimum on RRC placements, their financial and manpower resources would be poorly utilized in making three or four day placements at the RRC, and finally they have a Program Statement, which says they do not have to make such placements. The BOP requests that the Court amend its judgments in these cases to substitute a short term of incarceration as a condition of probation rather than placement at the RRC. The BOP indicates that they will honor judgments if amended as stated above.

The probation office believes that the Court's orders in both cases are lawful orders supported by 18 U.S.C. § 3563(b)(11). Additionally, a close reading of their Program Statement does not seem to prohibit such placements. That said, the Probation Office, having no inherent authority to tell the BOP to do anything, simply reports these developments to the Court and respectfully requests amendment of the aforementioned judgments in the interest of relatively-swift justice.