M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 4:06-cr-0027-TWH |
| vs. | |
| JEFFREY T. COVINGTON, | **DEFENDANT'S RESPONSE TO MOTION TO AMEND JUDGMENT** |
| Defendant. | |

Defendant, Jeffrey T. Covington, by and through counsel M. J. Haden, Assistant Federal Defender, hereby submits the following response to the motion to amend the final judgment in his case.

I.   Procedural History

On June 15, 2006, the government filed a single count information charging Mr. Covington with Operating a Vehicle While Intoxicated in violation of AS 28.35.030, as assimilated under 18 U.S.C. § 13.  On September 7, 2006, Mr. Covington pleaded guilty pursuant to a binding Rule 11(c)(1)(C) plea agreement.  Docket No. 15  The agreement included the following disposition:

- One year probation with the special condition that the defendant serve seventy-two (72) hours at the North Star Correctional Center;

- Substance abuse treatment and testing;

- $750 fine; and,

- $25 special assessment.

On December 7, 2006, the court accepted the Rule 11(c)(1)(C) agreement and sentenced Mr. Covington to the agreed upon disposition. Docket No. 22.

On February 6, 2007, the probation office filed a memorandum with the court advising the court that, although the probation office believed that the judgment was a lawful order supported by 18 U.S.C. §3563(b)(11), the Bureau of Prisons refused to honor the court order. The court, *sua sponte*, deemed the memorandum as a Motion to Amend Judgment.

II.   Court Lacks Jurisdiction to Amend Judgment

This court lacks the jurisdiction to amend Mr. Covington's sentence. Title 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255, both of which are plainly inapplicable here. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35(a)'s seven-day time period is jurisdictional. United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002) (citing cases from the Second, Fifth, Eight, Ninth, and Tenth Circuits). The judgement in this case was issued in December 2006, well beyond the seven-day period.

A court also has jurisdiction to amend a sentence in conformity with Fed. R. Crim. P. 36 which states that "the court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes by the courts. United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intention at the time of sentencing. United States v. Warber, 51 F.3d 342 (2d Cir. 1995). Here, the court imposed a lawful sentence. The judgment correctly reflects the imposition of the sentence as ordered by the court. No clerical error exists. Rule 36 does not authorize amending the judgment.

III.   Double Jeopardy Clause Prohibits Amending Judgment

The Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."

The Double Jeopardy Clause has two principal purposes: to "protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense," Green v. United States, 355 U.S. 184, 187 (1957), and to prevent imposition of multiple punishments for the same offense, North Carolina v. Pearce, 395 U.S. 711, 717 (1969). An overriding function of the Double Jeopardy Clause's prohibition against multiple trials is to protect against multiple punishments; "it's is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution." Ex Parte Lange, 18 Wall. 163, 173 (1984).

The United States Supreme Court has consistently held that an increase in the severity of a sentence subsequent to its imposition–the issue presented here–constitutes multiple punishment in violation of the Double Jeopardy Clause. For example, in United States v. Benz, 282 U.S. 304, 307 (1931), the Court stated that "[t]he distinction that the court during the same term may amend a sentence so as to mitigate the punishment, but not so as to increase it [is based] upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense."

To now revisit Mr. Covington's sentence and impose a harsher sentence of imprisonment simply because the BOP refuses to honor the court's valid order to place him in a community correctional center, would violate the Double Jeopardy Clause.

IV.   Modification of Conditions of Probation

   A.   Court has authority to modify conditions probation

Title 18 U.S.C. § 3563(c) allows the court to modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation. Federal Rule of Criminal Procedure 32.1(c) applies to modifications. Rule 32.1(c) requires that the court hold a hearing unless such hearing is waived or the relief sought is favorable to the person and does not extend the term of probation, provided that the government has no objection to the modification.

Thus, the court has the authority to modify the conditions of Mr. Covington's sentence of probation and remove the requirement that he spend 72 hours in a community

corrections center. However, Mr. Covington submits that the court cannot modify his sentence of probation to include a 72 hour period of imprisonment.

    B.    <u>Imposing a term of imprisonment as condition probation is prohibited</u>

The law does not permit a "straight" period of incarceration to be a condition of probation. Title 18 U.S.C. §3561(a) states:

> A defendant who has been found guilty of an offense may be sentenced to a term of probation unless . . . . (3) the defendant is sentenced at the same time to a term of imprisonment . . .

Therefore, the provision of the Code that authorizes a term of probation for certain offenses distinguishes between a sentence of probation and a sentence of imprisonment and prohibits the imposition of probation in combination with a sentence of imprisonment.

"Under the statutes dealing with federal sentencing as revised by the Sentencing Reform Act of 1984, a period of 'straight' imprisonment cannot be imposed at the same time as a sentence of probation, 18 U.S.C. § 3561(a)(3), nor is it expressly allowed as a condition of probation under 18 U.S.C. § 3563(b)." <u>United States v. Anderson</u>, 787 F. Supp. 537 (D. Md. 1992); <u>United states v. Forbes</u>, 172 F.3d 675 (9th Cir. 1999) (imposing both probation and straight imprisonment was plain error requiring remand); <u>United States v. Mize</u>, 1998 WL 160862 (D. Kan.) (unpublished) (term "other intervals of time" found in 18 U.S.C. § 3563(b)(10) means other intermittent periods of

incarceration, not short consecutive days in prison). Thus, it is clear that the court may not impose a 72 hour consecutive period of incarceration as a condition of probation.[1]

### C.  Alternative modifications

Because of the BOP's unwillingness to carry out the court's order, it is impossible for Mr. Covington to serve his 72 hours at the community corrections center, thus fulfilling his conditions of probation. Obviously, the condition must be vacated. Mr. Covington understands the court's concern that he should not receive a windfall of a lighter sentence simply due to BOP bureaucracy. However, at the same time, he should not receive a harsher punishment due to circumstances beyond his control. Mr. Covington suggests the following alternatives for the court to consider: 72 hours in-patient substance abuse counseling, 72 hours home confinement, or 72 hours community work service.[2]

The offense conduct in this case occurred in October 2005. Mr. Covington was arraigned and placed on pretrial supervision on July 20, 2006. During his pretrial release, Mr. Covington tested positive for marijuana use and was ordered to undergo substance abuse counseling. Mr. Covington continues to be monitored for substance abuse and has remained clean since October. At the current time, Mr. Covington is

---

[1] Pursuant to 18 U.S.C. § 3563(b)(10), the court could impose intermittent periods of confinement as a condition of probation; however, this option would be extremely difficult logistically given the unavailability of Marshals in Fairbanks and the paperwork associated with booking and releasing an inmate from jail. Furthermore, it would be wrong to subject Mr. Covington to a harsher punishment than the halfway house due to no fault of his own.

[2] Both in-patient counseling and home confinement are recognized as valid substitutions of imprisonment under Alaska law. See AS 28.35.030(k); Nygen v. State, 658 P.2d 141 (Alaska App. 1983).

gainfully employed as a cook on Fort Wainwright and remains compliant with his conditions of supervision.

V.      Proposed Modification

Based on the facts and law stated above, Mr. Covington respectfully requests that the court vacate the special condition of probation that he spend 72 hours in a community corrections center and modify his conditions of probation to include 72 hours of home confinement as authorized by 18 U.S.C. § 3563(19).

DATED this 27th day of March, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on March 27, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Todd N. George, Esq.

/s/ M. J. Haden